EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
JULIET B. HALEY
Deputy Attorney General
State Bar No. 162823
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-3664
  Telephone: (415) 703-5960
  Fax: (415) 703-1234
  Email: juliet.haley@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **JEREMY NOTMAN,** | C 08-00278 CW (PR) |
| Petitioner, | **ANSWER TO THE COURT'S ORDER TO SHOW CAUSE** |
| v. | |
| **DERRAL ADAMS, Warden,** | |
| Respondent. | |

Respondent hereby provides this Answer to the Order to Show Cause why the petition should not be granted.

**I.**

**CUSTODY**

Petitioner Jeremy Notman is lawfully in the custody of respondent within the meaning of the federal habeas corpus statute, 28 U.S.C. §§ 2241(c)(3) and 2254(d), pursuant to a valid judgment of the Humboldt County Superior Court, petitioner having entered a no contest plea to placing a child in circumstances likely to cause great bodily injury or death. Cal. Penal Code, §273a. CT 49-51. Petitioner pleaded no contest. CT 52-53.

On September 6, 2002, petitioner was to six years in state prison, execution of sentence

1  suspended.

## II.

## PROCEDURAL ISSUES

Petitioner has exhausted his state remedies as to the claims herein presented and the petition is timely. 28 U.S.C. § 2244(d).

## III.

## DENIAL OF CLAIMS

Respondent denies that petitioner suffered any deprivation of constitutional rights supporting habeas corpus relief. Specifically, respondent denies that petitioner's 5th, 6th and 14th Amendment rights were violated by the imposition of an upper term in state prison.

Respondent denies that this claim entitles petitioner to relief because he has failed to establish that the state court's denial of these claims was either an unreasonable application of clearly established Federal law as determined by the United States Supreme Court or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented to the state courts. Respondent incorporates by reference the accompanying memorandum of points and authorities in support of this denial.

## IV.

## TRANSCRIPTS AND RECORDS

Copies of the transcript of petitioner's trial together with copies of the briefs filed on direct appeal have been lodged with this Court. These documents constitute all relevant documents and hearing transcripts necessary for this Court's decision. So far as respondent is aware, all relevant state reported proceedings have been transcribed. Rule 5, Rules Governing Section 2254 Case.

///

///

///

**CONCLUSION**

Accordingly, respondent respectfully requests that the petition be denied.

Dated:  June 9, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Juliet B. Haley

JULIET B. HALEY
Deputy Attorney General

Attorneys for Respondent

JBH:jw
20115324.wpd

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Jeremy Notman v. Derral Adams, Warden**

No.: **C 08-00278 CW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 9, 2008, I served the attached

**ANSWER TO THE COURT'S ORDER TO SHOW CAUSE;**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER;**

**NOTICE OF LODGING OF, AND INDEX TO, EXHIBITS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Jeremy Notman**
**V-86091**
**1303 11th Street**
**Eureka, CA 95501**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 9, 2008, at San Francisco, California.

| J. Wong | _J. Wong_ (signature) |
|---|---|
| Declarant | Signature |

20115595.wpd

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
JULIET B. HALEY
Deputy Attorney General
State Bar No. 162823
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-3664
  Telephone: (415) 703-5960
  Fax: (415) 703-1234
  Email: juliet.haley@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **JEREMY NOTMAN,**<br><br>                Petitioner,<br><br>   v.<br><br>**DERRAL ADAMS, Warden,**<br><br>                Respondent. | C 08-00278 CW (PR)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER** |

**STATEMENT OF THE CASE AND FACTS[1/]**

    On January 14, 2002, petitioner was charged with one felony count of placing a child in circumstances likely to cause great bodily injury or death. Cal. Penal Code, §273a. CT 49-51. Petitioner pleaded no contest. CT 52-53. On July 22, 2002, the Humboldt County Superior Court imposed the upper term of six years, but then suspended execution of the sentence and placed petitioner on probation, with standard conditions, for four years. Thereafter, in 2003, and 2005,

---

   1. The facts of the substantive offense are not relevant to the issue raised in the petition. A citation of those facts can be found in Exhibit C.

Memorandum Of Points And Authorities In Support Of Answer - C 08-00278 CW (PR)

petitioner was charged with a total of three probation violations. The one charged 2003 violation was admitted by petitioner, and the two charged in 2005, were found true by the court after a contested hearing. The latter result caused petitioner's probation to be revoked and his being sent to prison to serve the previously-ordered six-year prison term. Petitioner filed a timely notice of appeal. On July 26, 2006, the state court of appeal, pursuant to *People v. Wende*, 25 Cal.3d 436, (1979), reviewed the record to determine if there were any issues deserving briefing. None were found. Petitioner did not seek review from the California Supreme Court. He did, however, file a habeas petition in the Humboldt Superior on June 25, 2007. Said petition was denied in a written decision on July 2, 2007. Thereafter, petitioner filed habeas petitions in the California Court of Appeal, and in the California Supreme Court. The Court of Appeal denied the petition on August 14, 2007, and the California Supreme Court denied the petition on October 31, 2007.

Petitioner filed the instant federal habeas petition on December 28, 2007.

**STANDARD OF REVIEW**

A federal court may grant a writ of habeas corpus to a state prisoner only if the state court's rulings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or were "based on an unreasonable determination of the facts in light of the evidence presented" in the state courts. 28 U.S.C. § 2254(d). Under the "contrary to" clause, a state court's decision is contrary to federal law if it "contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000); *see also Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam). If there is no Supreme Court precedent that controls a legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law. *Carey v. Musladin,* 127 S.Ct. 649, 653-54 (2006) (denying habeas relief in absence of clearly established federal law).

In order to warrant habeas relief, the state court's application of clearly established federal law must not be merely erroneous, incorrect, or even "clear error," but "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003); *see also Williams v. Taylor*, 529 U.S. at 409; *Woodford*

1 | *v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).  It is the habeas petitioner's burden to make that
2 | showing.  *Woodford,* at 25.  In the same way, a "decision adjudicated on the merits in a state court
3 | and based on a factual determination will not be overturned on factual grounds unless objectively
4 | unreasonable in light of the evidence presented in the state-court proceeding."  *Miller-El v. Cockrell*,
5 | 357 U.S. 322, 340 (2003).  State court factual determinations are presumed correct unless rebutted
6 | by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).
7 |       Even if the state court's ruling is contrary to or an unreasonable application of Supreme
8 | Court precedent, that error justifies overturning the conviction only if the error had "substantial and
9 | injurious effect or influence in determining the jury's verdict."  *Brecht v. Abrahamson*, 507 U.S.
10 | 619, 637 (1993).  The *Brecht* standard applies to all § 2254 cases, regardless of the type of harmless
11 | error review conducted by the state courts.  *Fry v. Pliler*, ___ U.S. ____ , 127 S.Ct. 2321 (2007).

**ARGUMENT**

**GRANTING RELIEF ON PETITIONER'S *BLAKELY* CLAIM WOULD IMPERMISSIBLY CREATE A NEW RULE**

15 |       Petitioner contends the trial court committed prejudicial error and violated his Sixth and
16 | Fourteenth Amendment rights when it enhanced his sentence based on facts not proven to the jury
17 | beyond a reasonable doubt.   Petitioner's claim fails.
18 |       A new procedural rule of constitutional law cannot be applied retroactively on federal
19 | collateral review to upset a state conviction or sentence.  *Caspari v. Bohlen*, 510 U.S. 383, 396
20 | (1994); *Teague v. Lane*, 489 U.S. 288 (1989).  The Ninth Circuit applied this principle and rejected
21 | the precise claim that petitioner advances.  The Court held "that *Blakely* [*v. Washington*, 124 S.Ct.
22 | 2531 (2004)] does not apply retroactively to convictions that became final prior to its publication,"
23 | on June 24, 2004.  *Schardt v. Payne,* 414 F.3d 1025, 1027, 1038 (9th Cir. 2005).  In doing so, the
24 | Court first determined that *Blakely* announced a new rule because it "was clearly not apparent to all
25 | reasonable jurists, nor was it dictated by precedent," as "[e]very circuit court of appeals that
26 | addressed the question presented in *Blakely* reached the opposite conclusion from the rule
27 | subsequently announced by the Supreme Court."  *Schardt,* 414 F.3d at 1035.
28 |       The Ninth Circuit further found that the *Blakely decision* merely shifted "some of the

1  decision-making authority previously held by judges to juries," making it a "'prototypical procedural

2  rule[]'" rather than a substantive rule. *Schardt,* 414 F.3d at 1036 (quoting *Schriro v. Summerlin*, 124

3  S. Ct. 2519, 2523 (2004)).  Finally, the court concluded that *Blakely* did not fall under the

4  "watershed" exception to *Teague* because "the Supreme Court has previously determined that a

5  change in the law requiring that juries, rather than judges, make the factual findings on which a

6  sentence is based did not announce a watershed rule of criminal procedure." *Schardt*, 414 F.3d at

7  1036 (citing *Schriro,* 124 S. Ct. at 2524-26).

8      "State convictions are final 'for purposes of retroactivity analysis when the availability

9  of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of

10 certiorari has elapsed or a timely filed petition has been finally denied.' [Citations.]"  *Beard v.*

11 *Banks,* 542 U.S. 406 (2004).  An order granting probation is identified in section California Penal

12 Code section 1237 as a "final judgment" for purposes of taking an appeal.  *People v. Mazurette,* 24

13 Cal.4th 789, 792 (2001); *see also People v. Broughton*, 107 Cal.App.4th 307, 320 (2003).  Petitioner

14 had the opportunity to challenge the suspended six-year upper term with an appeal from the

15 judgment.  *People v. Latham,* 206 Cal.App.3d 27, 30-31 (1988).  When the time for appeal lapsed

16 during the probationary period, the sentence became "final and nonappealable." *People v. Howard,*

17 16 Cal.4th 1081, 1084 (1997).  State law governs the period in which the state prisoner has to appeal

18 and, in turn, the date of finality.  *See, e.g., Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006).

19     As previously stated, on July 18, 2002, petitioner was sentenced to state prison for six

20 years, execution of which was suspended and granted supervised probation for four years.

21 Petitioner did not appeal that sentence and it became final 60 days later, when the time for appeal

22 lapsed. California Rules of Court, Rule 31(d).

23     Because petitioner's conviction was final prior to *Blakely*'s publication on June 24, 2004,

24 petitioner's *Blakely* claim must be rejected as a new rule.[2/]

---

2. If the Court views petitioner's claim as based on *Cunningham v. California*, 127 S.Ct. 856 (2007), the claim is not exhausted. *See Blair v. California*, 340 F.2d 741, 743-44 (9th Cir. 1965). In addition, for the same reasons that apply to *Blakely*, *Cunningham* is not retroactive. *Marquez v. Evans*, 2007 U.S. Dist. LEXIS 65681, *20-26 (N.D. Cal. 2007).

**CONCLUSION**

Accordingly, respondent respectfully requests that the petition be denied.

Dated: June 9, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Juliet B. Haley

JULIET B. HALEY
Deputy Attorney General

Attorneys for Respondent

JBH:jw
20115325.wpd

```
 1 | EDMUND G. BROWN JR.
   | Attorney General of the State of California
 2 | DANE R. GILLETTE
   | Chief Assistant Attorney General
 3 | GERALD A. ENGLER
   | Senior Assistant Attorney General
 4 | PEGGY S. RUFFRA
   | Supervising Deputy Attorney General
 5 | JULIET B. HALEY, State Bar No. 162823
   | Deputy Attorney General
 6 |  455 Golden Gate Avenue, Suite 11000
   |  San Francisco, CA  94102-7004
 7 |  Telephone:  (415) 703-5960
   |  Fax:  (415) 703-1234
 8 |  Email:  Juliet.Haley@doj.ca.gov
 9 | Attorneys for Respondent
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **JEREMY NOTMAN,**<br><br>                         Petitioner,<br><br>     v.<br><br>**DERRAL ADAMS, Warden,**<br><br>                         Respondent. | C 08-00278 CW (PR)<br><br>**NOTICE OF LODGING OF, AND INDEX TO, EXHIBITS** |

Respondent hereby submits the following exhibits to be lodged with the Clerk of the Court in support of the Answer and supporting memorandum.

**RESPONDENT'S INDEX TO LODGED EXHIBITS**

EXHIBIT A:   Clerk's Transcript;

EXHIBIT B:   Reporter's Transcript;

                    Reporter's Transcript (Augmentation);

EXHIBIT C:   State Court Opinion;

EXHIBIT D:   Appellant's Opening Brief (Wende Brief).

Notice Of Lodging Of, And Index To, Exhibits - *Notman v. Adams* - C 08-00278 CW (PR)

1

1 | Dated: June 9, 2008

2 | Respectfully submitted,

3 | EDMUND G. BROWN JR.
Attorney General of the State of California

4 | DANE R. GILLETTE
Chief Assistant Attorney General

5 | GERALD A. ENGLER
Senior Assistant Attorney General

6 |

7 | PEGGY S. RUFFRA
Supervising Deputy Attorney General

8 |

9 | /s/ Juliet B. Haley

10 |

11 | JULIET B. HALEY
Deputy Attorney General
Attorneys for Respondent

12 |

13 | 20115328.wpd

14 | SF2008400938

Notice Of Lodging Of, And Index To, Exhibits - *Notman v. Adams* - C 08-00278 CW (PR)

2