IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEREMY NOTMAN,                          No. C 08-0278 CW (PR)

    Petitioner,                     ORDER DENYING PETITION
                                        FOR WRIT OF HABEAS
  v.                                    CORPUS

DERRAL ADAMS, Warden,

    Respondent.
                                     /

INTRODUCTION

    Petitioner, Jeremy Notman, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He claims that his upper term sentence of six years imprisonment was imposed unconstitutionally because the trial court relied on facts not found by a jury beyond a reasonable doubt.  Respondent opposes the petition.  Petitioner has not filed a traverse.  Having considered all of the papers submitted by the parties, the Court DENIES the petition.

BACKGROUND

    On July 18, 2002, Petitioner plead no contest in the Humboldt County Superior Court to one felony count of placing a child in circumstances likely to cause great bodily injury or death.  (Pet. at 2.)[1]  He was sentenced to six years in state prison, the upper term sentence.  (Id.)  The execution of the sentence was suspended, and Petitioner was placed on supervised probation.  (Id. at A3.)[2]

---

[1] The petition starts on page two.  The Court will continue to use the page numbers as they are written in the petition.

[2] Petitioner incorporates his state court habeas petition by
(continued...)

1  In 2005, Petitioner's probation was revoked and the six year
2 sentence was imposed. (Id. at 2.) Petitioner filed a timely
3 notice of appeal. In 2006, the California Court of Appeal reviewed
4 the case and affirmed the judgment. (Pet. at 3.) Petitioner did
5 not seek review in the California Supreme Court.

6  Petitioner filed a habeas petition in the Humboldt County
7 Superior Court on June 25, 2007. (Id. at A7.) The petition was
8 denied on June 29, 2007. (Id.) In its hand-written addition to
9 the denial form, the superior court stated: "Defendant Notman was
10 committed to CDC for six years, execution of which was suspended
11 and granted supervised probation for four years on July 18, 2002.
12 Cunningham v. California [549 U.S. 270 (2007)] . . . does not apply
13 to cases final as of Blakely v. Washington's (2004) 542 U.S. 296
14 filing date of June 24, 2004." (Pet. at A8 (brackets added).)

15  Petitioner then filed a habeas petition in the California
16 Court of Appeal. The appellate court denied his petition on August
17 14, 2007. (Id. at A9.) Petitioner appealed to the California
18 Supreme Court, which issued its denial on October 31, 2007. (Id.
19 at A10.)

20  Petitioner filed the present federal habeas petition on
21 December 28, 2007. He contends that the sentencing court's
22 imposition of the upper term sentence based on its own finding of
23 aggravating facts violated his Fifth, Sixth and Fourteenth
24 Amendment rights. (Id. at 5.)

25  _____

26  ²(...continued)
27 attaching it to his petition. (Pet. at 7.) He has also attached
the state courts' decisions denying habeas relief. This Court has
re-numbered the supporting documentation attached to the petition
28 as A1-A22.

2

Respondent states in his Answer, "If the Court views Petitioner's claim as based on Cunningham . . . , the claim is not exhausted." (Answer at 4 n.2.) In support of his argument, Respondent cites Blair v. California, 340 F.2d 741, 743-44 (9th Cir. 1965). In Blair, the petitioner raised a claim on federal habeas that was rooted in Douglas v. California, 372 U.S. 353 (1963), which had not been decided until after the state court denied the petitioner's habeas claim of a constitutional violation stemming from the rejection of his request for appointed counsel on appeal from his conviction. Blair, 340 F.2d at 743-44. While the general right to appointed counsel on appeal existed prior to Douglas, that was the United States Supreme Court case which gave the right constitutional standing. Blair, 340 F.2d at 743. The Ninth Circuit determined that the state court that denied Blair's claim "did not have knowledge of the decision in Douglas and so had no opportunity to decide whether the principle there announced applie[d] under the somewhat differing facts of [Blair's] case." Id. at 744. Accordingly, the Ninth Circuit found Blair's claim unexhausted, stating:

> It follows that Blair has not obtained an adverse state court ruling on the issue of whether Douglas v. California is applicable to Blair's pre-Douglas state appeal and therefore whether, by reason of that decision, it must now be held that the denial of counsel on his state appeal deprived him of a constitutional right.

Id. Here, in contrast, Cunningham was decided on January 22, 2007. As mentioned above, the state superior court denied Petitioner's habeas petition five months later, on June 29, 2007. At that time, the superior court was aware of the Cunningham decision, which was referenced in the hand-written portion of the court's denial.

3

Accordingly, the Court finds unavailing Respondent's argument of lack of exhaustion.

## LEGAL STANDARD

A federal court may entertain a petition for a writ of habeas corpus on behalf of a "person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000). The first prong applies both to questions of law and to mixed questions of law and fact, id. at 407-09, while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority -- that is, falls under the first clause of § 2254(d)(1) -- only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an "unreasonable

4

application of" Supreme Court authority if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.  On habeas review, the district court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. See id. at 409.

To determine whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law, a federal court looks to the decision of the highest state court that addressed the merits of a petitioner's claim in a reasoned decision. LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000).  In the present case, the highest state court to address the merits of Petitioner's claim is the state superior court.

## DISCUSSION

Petitioner was given a suspended sentence and placed on probation on July 18, 2002. (Pet. at 2.) "State convictions are final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.'" Beard v. Banks, 542 U.S. 406, 411 (2004) (citations omitted).  The California Penal Code deems an order granting probation to be a final judgment for purposes of appeal.  Cal. Penal Code § 1237; see also People v.

5

Mazurette, 24 Cal. 4th 789, 792 (2001).  State law governs the period within which a convict may appeal an order.  See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006).  California provides that an appeal from a criminal judgment must be filed within sixty days of the rendition of the judgment.  Cal. Rule of Court 8.308(a) (formerly Cal. Rule of Court 31).  Petitioner therefore had the opportunity to challenge his suspended upper term sentence by appealing the judgment between July 18, 2002 and September 16, 2002.  He did not do so.  His judgment then became final on September 16, 2002.

In denying habeas relief, the state court determined that Petitioner's upper term sentence did not violate clearly established federal law as of 2002.  (Pet. at A8.)

In 2002, the United States Supreme Court had issued Apprendi v. New Jersey, 530 U.S. 466 (2000); however, the Court had not yet issued United States v. Booker, 543 U.S. 220 (2005), Blakely or Cunningham.  The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by Apprendi and its progeny, which extended a defendant's right to trial by jury to the fact-finding used to make enhanced sentencing determinations.  In 2000, the Apprendi Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  Four years later in Blakely, the Court ruled that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Blakely, 542 U.S. at 303.  The Court in Booker then

invalidated the federal sentencing guidelines, to the extent that they authorized judges to take on independent fact-finding authority. 543 U.S. at 235. Finally, in Cunningham, the Court held that the imposition of an upper-term sentence under the California sentencing laws, based on facts not tried to a jury or admitted by a defendant, violates the Sixth Amendment. 549 U.S. at 293.

Here, Petitioner is not entitled to retroactive application of either Blakely or Cunningham. The Ninth Circuit has held that "Blakely does not apply retroactively to convictions that became final prior to its publication" in 2004. Schardt v. Payne, 414 F.3d 1025, 1036, 1038 (9th Cir. 2005). In Schardt, the petitioner's conviction became final in 2000, after Apprendi was decided, but before Blakely was announced. Id. at 1034. The Ninth Circuit found that although the petitioner's sentence violated the Sixth Amendment right to a jury under Blakely, habeas relief was not available because the Blakely decision announced a "new rule" that was not applicable retroactively to cases on collateral review. Id. (citing Teague v. Lane, 489 U.S. 288, 301 (1989)). In the present case, even if Petitioner's sentence violated Blakely, Petitioner would not be entitled to relief because the rule in Blakely does not apply retroactively to his case. Schardt, 414 F.3d at 1036, 1038.

Nor does Cunningham provide relief to Petitioner. The state superior court, in denying Petitioner habeas relief, reasoned that Cunningham did not apply to cases that were final before Blakely was decided. (Pet. at A8.) In Butler v. Curry, the Ninth Circuit held that Cunningham applied retroactively to a petitioner whose

7

conviction became final in 2005, after the Blakely decision. 528 F.3d 624 (9th Cir. 2008). In so concluding, the Ninth Circuit examined the "legal landscape" at the time of Butler's sentence and concluded that: "Taken together, Apprendi, Blakely, and Booker, firmly established that a sentencing scheme in which the maximum possible sentence is set base d on facts found by a judge is not consistent with the Sixth Amendment." Id. at 635 (emphasis added) (citations omitted). Because the Ninth Circuit's decision in Butler was rooted in the legal landscape as of 2005 -- in contrast to the legal landscape that existed in 2002, as presented here -- it was not objectively unreasonable for the state superior court to deny a retroactive application of Cunningham to Petitioner's case. (Pet. at A8.)

Accordingly, the state superior court's denial of Petitioner's claim was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The Clerk of the Court shall enter judgment and close the file. The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: 5/14/2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JEREMY NOTMAN,

        Plaintiff,

v.

PEOPLE OF THE STATE OF CALIFORNIA et al,

        Defendant.

Case Number: CV08-00278 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 14, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeremy Notman V-86091
1303 11th Street
Eureka, CA 95501

Dated: May 14, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk